WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Hammersley,<br><br>        Plaintiff,<br><br>v.<br><br>San Luis Municipal Court,<br><br>        Defendant. | No. CV-13-01998-PHX-GMS<br><br>**ORDER** |

Pending before the Court are Plaintiff's Motion for Reconsideration (Doc. 6), Motion to Proceed in Forma Pauperis (Doc. 7), and Motion to Waive Appearing in Person for Court Proceedings (Doc. 3). The Court will grant the motion for reconsideration and motion to proceed in forma pauperis. The Court will screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) before it is allowed to be served. Pursuant to that screening Plaintiff's Complaint is dismissed.

**I.     Screening Complaint Under 28 U.S.C. § 1915(e)(2)**

    **A.     Legal Standards**

        **1.     28 U.S.C. § 1915(e)(2)**

Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim

on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of § 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings not just those filed by prisoners. *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious. If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before the dismissal of the action. *See Lopez v. Smith,* 203 F.3d 1122, 1127-1129 (9th Cir. 2000) (*en banc).*

Plaintiff in this case has filed the Complaint on his own behalf. Reading the Complaint liberally, as this Court is obliged to do, it brings § 1983 claims against San Luis Municipal Court. The claims are based on the denial to void his conviction.

Plaintiff cannot bring any § 1983 causes of action against state actors based on any conduct or proceedings that would imply the invalidity of his criminal conviction unless that conviction has been otherwise invalidated.

> When a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed.

*Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994).

To the extent that in the context of this § 1983 action Plaintiff now contests that he was deprived of his right to access the Courts, and that such deprivation resulted in his

wrongful conviction(s) for which he seeks compensation, such claims necessarily imply the invalidity of Plaintiff's conviction.  According to the law, therefore, Plaintiff cannot raise such claims in a § 1983 action absent the invalidation of Plaintiff's convictions.  Thus, for the reasons stated above, the complaint fails to state a claim and, as such, is dismissed.

**IT IS THEREFORE ORDERED** that the Motion for Reconsideration (Doc. 6) is granted.

**IT IS FURTHER ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 7) is granted.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Waive Appearing in Person for Court Proceedings (Doc. 3) is denied.

**IT IS FURTHER ORDERED** that pursuant to 28 U.S.C. § 1915(e)(2) Plaintiff's Complaint is dismissed for the reasons stated above.

Dated this 21st day of November, 2013.

/s/ A. Murray Snow
/G. Murray Snow
United States District Judge